UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

ROBERT WAGNER, )
 )
       Plaintiff, )
 )
v. ) No. 3:07-CV-129
 ) (GUYTON)
NOVARTIS PHARMACEUTICALS )
CORPORATION, )
 )
       Defendant. )

## **MEMORANDUM AND ORDER**

This case is before the undersigned pursuant to 28 U.S.C. § 636(c), Rule 73(b) of the Federal Rules of Civil Procedure, and the consent of the parties, for all further proceedings, including entry of judgment [Doc. 6], on the plaintiff's Motion to Compel. [Doc. 28] The plaintiff moves the Court to overrule the defendant's objections to the plaintiff's discovery requests and to require the defendant to respond. The defendant opposes the motion, arguing that the objected to portions of the discovery requests are overbroad, unduly burdensome, and irrelevant. The Court will address each of the disputed discovery items in turn and will begin each discussion by quoting the disputed item and any response.

Before addressing the discovery items, however, the Court first notes that Rule 26 of the Federal Rules of Civil Procedure provides in pertinent part that:

> Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party, including the existence, description, nature, custody, condition, and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of any discoverable matter.

> For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.

Fed. R. Civ. P. 26(b)(1). The scope of discovery under the Federal Rules of Civil Procedure is traditionally quite broad. See Lewis v. ACB Business Services, Inc., 135 F.3d 389, 402 (6th Cir. 1998). Nevertheless, discovery does have "ultimate and necessary boundaries," and "discovery of matter not 'reasonably calculated to lead to the discovery of admissible evidence' is not within the scope of Rule 26(b)(1)." Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351 (1978).

## I. Plaintiff's First Request for Production of Documents Request 4(f)

Discovery Request:

> The personnel files, including copies of the file jacket, of the following employees: Any and all individuals that were promoted to or placed in any managerial positions throughout the Plaintiff's employment with the Defendant.

Defendant's Response:

> NPC objects to this request as overbroad, unduly burdensome, and irrelevant because it seeks information on employes and positions for which Plaintiff did not apply and which can have no bearing on this litigation. Subject to the General Objections and foregoing, NPC has produced the personnel files and total compensation records on those individuals that were promoted or hired into the identifiable managerial positions sought by Plaintiff. [list of produced records redacted]

The plaintiff contends that this discovery request is appropriate because the defendant applied inconsistent standards for its promotion decisions, thus discriminating against the plaintiff because of his military background. The defendant contends that the plaintiff only applied for, and was denied, a certain number of specific managerial positions, and thus that only the information relating to the candidates selected for those positions is relevant to this action. The defendant further

2

argues that the information relating to the many positions the plaintiff did not apply for is thus irrelevant.

The Uniformed Services Employment and Reemployment Rights Act ("USERRA") protects employees who are absent from employment for service in a uniformed service. Under 38 U.S.C. § 4311, an employer cannot use an employee's military service as a motivating factor for adverse employment action toward the employee, unless the employer can prove that the action would have been taken in the absence of the employee's service. 38 U.S.C. § 4311(c)(1). Given that the adverse employment action at issue is a failure to promote, the proof in this case will necessarily be fact specific to the positions applied for and the qualifications of the various candidates, and selectees, for the positions. Given that the candidate pools and selectees for positions to which the plaintiff did not apply are, by necessity, factually distinct from those to which the plaintiff did apply, the Court finds that any evidence as to positions the plaintiff did not apply for is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Accordingly, the Court **SUSTAINS** the defendant's objection to Request 4(f).

**II.      Plaintiff's First Request for Production of Documents Request 7**

Discovery Request:

> Any and all documents regarding any and all employees that were allowed to attend MDI, MDII, and/or MDIII training, regardless of whether the individual passed the training, during Plaintiff's employment with the Defendant, including, but not limited to, all training materials provided and test scores.

Defendant's Response:

> NPC objects to this request as overbroad, unduly burdensome, and irrelevant because it seeks information about employees in a training program which Plaintiff completed, and therefore can have no bearing on this litigation.

The plaintiff contends that this information is relevant to his claim, because he contends that an applicant for a managerial position had to complete the training program in question, and that in order to participate in and progress through the training program, an employee had to have the approval of his supervisor. Defendant contends that information relating to training program participants under different First Line Managers and Regional Directors is irrelevant, and that only information relating to individuals participating in the training program under the same supervision as the plaintiff is relevant to the claims at issue. Additionally, the defendant states that Galen McCrum, the defendant's Vice President for Specialty Sales, testified at deposition that he did not take an active role in a trainee's progression through the training program, but instead left that issue to each trainee's Regional Director and managers.

Based upon the information before the Court, the Court finds that any information relating to trainees in the managerial development program under the supervision of regional directors and management not involved with the supervision of the plaintiff is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. However, the Court further finds that information relating to individuals whose progress was under the supervision of the plaintiff's Regional Director, Jeff Griffin, is reasonably calculated to lead to the discovery of admissible evidence and should be produced. Accordingly, the defendant's objection to Request 7 is **SUSTAINED in part** and **OVERRULED in part**. The defendant shall produce the requested

information relating to individuals whose progress through the training program was under the supervision of the plaintiff's Regional Director, Jeff Griffin.

### III. Plaintiff's First Request for Production of Documents Request 8

Discovery Request:

> Any and all job postings, for any managerial and/or supervisory positions during Plaintiff's employment with the Defendant, including documents regarding the individuals that were awarded the positions.

Defendant's Response:

> See response to Request No. [4](f).

The Plaintiff contends that the job postings for managerial positions reflect the minimum requirements for each position, and that the plaintiff wishes to compare the requirements of various positions in the United States. The defendant contends that the only relevant job postings are those of positions that the plaintiff applied for, and that the thousands of positions posted over the term of plaintiff's employment with the defendant for which the plaintiff did not apply are irrelevant.

The Court finds that information relating to positions for which the plaintiff did not apply is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Accordingly, the defendant's objections to Request 8 are **SUSTAINED**.

### IV. Plaintiff's First Request for Production of Documents Request 15

Discovery Request:

> Any and all documents regarding any employees that have been promoted to a supervisory or managerial position during Plaintiff's employment with the Defendant, including, but not limited to, any and all applications for said positions, documents regarding any

> interviews that were conducted and any and all documents regarding the selection process.

Defendant's Response:

> See response to Request No. [4](f).

The Court finds that Request 15 is essentially a duplicate of Request 4(f) and **SUSTAINS** defendant's objection to Request 15 for the same reasons discussed above with respect to Request 4(f).

**IT IS SO ORDERED.**

ENTER:

  s/ H. Bruce Guyton  
United States Magistrate Judge