UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| ROBERT WAGNER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 3:07-CV-129 |
| ) | (GUYTON) |
| NOVARTIS PHARMACEUTICALS ) | |
| CORPORATION, ) | |
| ) | |
| Defendant. ) | |

## **MEMORANDUM AND ORDER**

This case is before the undersigned pursuant to 28 U.S.C. § 636(c), Rule 73(b) of the Federal Rules of Civil Procedure, and the consent of the parties, for all further proceedings, including entry of judgment [Doc. 6], on the plaintiff's Second Motion to Compel and Motion to Reconsider the Court's February 14, 2008, Order. [Doc. 40] The plaintiff moves the Court to overrule the defendant's objections to the plaintiff's discovery requests and to require the defendant to respond. The plaintiff further moves the Court to reconsider its ruling on the plaintiff's prior motion to compel. The defendant opposes the motion, arguing that the objected to portions of the discovery requests are overbroad, unduly burdensome, and irrelevant. The Court will address each of the disputed discovery items in turn and will begin each discussion by quoting the disputed item and any response.

Before addressing the discovery items, however, the Court, as in its prior order, first notes that Rule 26 of the Federal Rules of Civil Procedure provides in pertinent part that:

> Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party, including the existence, description, nature, custody, condition, and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of any discoverable matter. For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.

Fed. R. Civ. P. 26(b)(1). The scope of discovery under the Federal Rules of Civil Procedure is traditionally quite broad. See Lewis v. ACB Business Services, Inc., 135 F.3d 389, 402 (6th Cir. 1998). Nevertheless, discovery does have "ultimate and necessary boundaries," and "discovery of matter not 'reasonably calculated to lead to the discovery of admissible evidence' is not within the scope of Rule 26(b)(1)." Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351 (1978).

## I.    Plaintiff's Interrogatory Number 4

Discovery Request:

> Please state the name, address and phone number of each and every employee of the Defendant that attended any Management Development training class at the same time as the Plaintiff and any management position that each individual received.

Defendant's Response:

> Consistent with the Court's ruling on February 14, 2008, NPC objects to this request as overbroad, unduly burdensome, and irrelevant because it seeks information on employees which can have no bearing on this litigation. Subject to and without waving this objection, NPC is producing contemporaneously with these answers the MDP class reports for those individuals under the supervision of Regional Director Jeff Griffin and their personnel files (NPCRW 2169 to NPCRW 3104).

Plaintiff's Interrogatory No. 4 seeks contact information for every employee of defendant that attended Management Development training at the same time as plaintiff, as well as an

indication of what management position, if any, each individual received. Defendant objects, contending that the request is overbroad, unduly burdensome, and that, because of the overbreadth of the request, it seeks information relating to individuals who have no bearing on the litigation. However, defendant agreed to produce information relating to individuals under the supervision of Regional Director Jeff Griffin.

In its Order [Doc. 37] dated February 14, 2008, the Court ruled that:

> Based upon the information before the Court, the Court finds that any information relating to trainees in the managerial development training program under the supervision of regional directors and management not involved with the supervision of the plaintiff is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. However, the Court further finds that information relating to individuals whose progress was under the supervision of the plaintiff's Regional Director, Jeff Griffin, is reasonably calculated to lead to the discovery of admissible evidence and should be produced.

[Doc. 37 at 4]

Plaintiff contends that, because plaintiff applied for different positions across the country, there are individuals other than Mr. Griffin involved in the decision making process, and thus information relating to the progress of employees through the management training program under the supervision of other managers is relevant. However, while the Court accepts that there are other individuals involved in the hiring process, there is no evidence that these other decision makers were in any way involved in the progress of employees under Mr. Griffin's supervision, including Plaintiff, through the management training program.

To illustrate its point, the Court presents the following hypothetical. Group A consists of employees under the supervision of Manager A, Group B of employees under the supervision of Manager B, etc. . . Assume, for the sake of argument, that Plaintiff is a member of Group G, under

3

the supervision of Manager G. There is no evidence that any manager, other than Manager G, plays any role in the progress of Group G employees through the management training program. Similarly, Manager G plays no role in the progress of any other group's employees through the management training program. If all of the employees in Group A progress through the training program at twice the speed of Group G, that is irrelevant, because Group A is in no way related or similarly situated to Group G. The fact that Manager A may be more generous than Manager G is not proof that Manager G is acting in a discriminatory fashion. However, evidence that plaintiff progressed at a slower rate of progress than any other member of Group G would be relevant, as would a pattern of slow progress for other individuals with military backgrounds in Group G.[1]

If, based upon the discovery allowed in this matter, plaintiff can present some evidence tending to show a pattern of discrimination within his group, then plaintiff may renew his request to expand discovery to other groups at that time. Until then, however, the Court finds no basis for opening discovery to such a broad scope. Accordingly, the defendant's objection to Interrogatory No. 4 is **SUSTAINED**, subject to defendant producing responsive information related to employees under the supervision of Mr. Griffin.

---

[1] A pattern of slow progress of employees with a military background through the management training programs in other groups might also be relevant, but there is, at this time, no basis for the Court to suspect such a pattern exists. Without some basis for such discovery, requests related to other groups are not <u>reasonably calculated</u>, but are instead simple fishing expeditions premised on a hope that useful information will be found.

## II. Plaintiff's Interrogatory Number 5

Discovery Request:

> Please list the name of each and every internal applicant or candidate that has been promoted to a management position in the United States from January 1, 2000, and for each please state whether the employee completed MD1, MD2, and/or MD3, the dates each employee completed any Management Development training and the management position that each individual received.

Defendant's Response:

> Consistent with the Court's ruling on February 14, 2008, NPC objects to this request as overbroad, unduly burdensome, and irrelevant because it seeks information on employees which can have no bearing on this litigation.

Plaintiff's Interrogatory No. 5 seeks information related to every individual promoted to a management position in the United States from January 1, 2000, to the present, including information related to each individual's progress through the management training program. Defendant objects, contending that the information is overbroad, unduly burdensome, and irrelevant. Plaintiff contends that defendant complied a similar list for the period of 2002 through 2004, but there is some question as to whether the 2002 through 2004 list was ever completed, or, if so, still exists.

As the Court noted above, the Court has previously ruled that the progress through the management training program of individuals outside plaintiff's group is, based upon the information before the Court, not relevant. The Court has also ruled that information relating to positions for which the plaintiff did not apply is irrelevant. [Doc. 37 at 5] The Court finds that the fact that defendant may have compiled a similar list in the past is insufficient to establish that the instant discovery request is reasonably calculated to lead to the discovery of relevant evidence. Without

some reasonably calculated basis for such discovery, the Court will not expand the scope of discovery at this time. Accordingly, defendant's objection to Interrogatory No. 5 is **SUSTAINED**. Should plaintiff, through other discovery, establish some basis for this request, he may renew his motion at that time.

### III.    Plaintiff's Request for Production of Documents Number 21

Discovery Request:

> Any and all Management Development Feedback Reports for any and all employees that attended Management Development training from January 1, 2000, to present.

Defendant's Response:

> Consistent with the Court's ruling on February 14, 2008, (1) NPC objects to this request as overbroad, unduly burdensome, and irrelevant because it seeks information on employees which can have no bearing on this litigation; and (2) NPC will produce the personnel and MDP files of those individuals under the supervision of Regional Director Jeff Griffin on or before March 7, 2008.

The Court finds that Request for Production No. 21 is sufficiently similar to Interrogatory No. 4 that the Court's ruling as to Interrogatory No. 4 equally applies to Request for Production No. 21. Accordingly, for the reasons stated with respect to Interrogatory No. 4, the defendant's objection to Request for Production No. 21 is **SUSTAINED** subject to production of responsive documents relating to individuals under the supervision of Mr. Griffin.

### IV.    Plaintiff's Request for Production of Documents Number 25

Discovery Request:

> A copy of the resume of each and every internal applicant and/or candidate that has been promoted to manager from January 1, 2000, to present, including, but not limited, to any resume that was considered at the time the decision was made to award the applicant and/or candidate a management position.

Defendant's Response:

> Consistent with the Court's ruling on February 14, 2008, NPC objects to this request as overbroad, unduly burdensome, and irrelevant because it seeks information on employees which can have no bearing on this litigation.

The Court finds that Request for Production No. 25 is sufficiently similar to Interrogatory No. 5 that the Court's ruling as to Interrogatory No. 5 equally applies to Request for Production No. 25. Accordingly, for the reasons stated with respect to Interrogatory No. 5, the defendant's objection to Request for Production No. 25 is **SUSTAINED**.

## V. Motion to Reconsider Court's Ruling as to Request for Production of Documents 4(F)

Discovery Request:

> The personnel files, including copies of the file jacket, of the following employees: Any and all individuals that were promoted to or placed in any managerial positions throughout the Plaintiff's employment with the Defendant.

Court's Prior Ruling:

> The Uniformed Services Employment and Reemployment Rights Act ("USERRA") protects employees who are absent from employment for service in a uniformed service. Under 38 U.S.C. § 4311, an employer cannot use an employee's military service as a motivating factor for adverse employment action toward the employee, unless the employer can prove that the action would have been taken in the absence of the employee's service. 38 U.S.C. § 4311(c)(1). Given that the adverse employment action at issue is a failure to promote, the proof in this case will necessarily be fact specific to the positions applied for and the qualifications of the various candidates, and selectees, for the positions. Given that the candidate pools and selectees for positions to which the plaintiff did not apply are, by necessity, factually distinct from those to which the plaintiff did apply, the Court finds that any evidence as to positions the plaintiff did not apply for is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Accordingly, the Court sustains the defendant's objection to Request 4(f).

Plaintiff also moves the Court to reconsider its previous ruling as to Request 4(F).  Plaintiff again cites to the alleged list of promotions complied by defendant, arguing that the creation of the list proves that the information is relevant.  As the Court noted above, though, the Court does not find that the mere investigation of the matter by the defendant is sufficient to create a basis for plaintiff's discovery request.  Plaintiff must show that such a discovery request is reasonably calculated to lead to the production of admissible evidence.  Plaintiff offers no such basis, only arguing that if the defendant investigated it, it must be relevant.  Without more, the Court finds that the plaintiff has not made the necessary showing.

Accordingly, the plaintiff's motion to reconsider [Doc. 40] is **DENIED**.  Additionally, for the reasons set forth above, the plaintiff's motion to compel [Doc. 40] is **DENIED** and the defendant's objections are **SUSTAINED**, subject to the limitations set forth above as to Interrogatory No. 4 and Request for Production No. 21.

**IT IS SO ORDERED.**

ENTER:

    s/ H. Bruce Guyton
United States Magistrate Judge